RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/3/11
BY QBA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SAM LIPRIE | : | DOCKET NO. 09-1607 |
| VS. | : | JUDGE TRIMBLE |
| STATE FARM FIRE & CASUALTY CO. | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the court is a "Motion to Exclude or Limit Testimony of Keith DuRousseau" (R. #35) filed by defendant State Farm Fire and Casualty Insurance Company ("State Farm"). In its motion to exclude, State Farm maintains that Mr. DuRousseau, the contractor who repaired plaintiff's home, is not qualified to testify with respect to the cause of damage to the home. State Farm seeks to limit Mr. DuRousseau's testimony to issues regarding work performed at the house, and only after plaintiff puts forth evidence that the damages claimed are related to Hurricane Ike. State Farm further seeks to exclude any testimony as to the cause of the damage to plaintiff's home.

Federal Rule of Evidence 702 provides the following regarding expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert testimony bears the burden of establishing its admissibility.[1] "The

---

[1] Mathis v. Exxon Corp., 302 F.3d 448, 460 (5th Cir. 2002).

burden of laying the proper foundation for the admission of the expert testimony is on the party

offering the expert, and admissibility must be shown by a preponderance of the evidence." [2]

In his opposition brief, plaintiff concedes that he does not intend to qualify Mr. DuRousseau

as an expert under Federal Rule of Evidence 702.   Instead, plaintiff intends to elicit testimony from

Mr. DuRousseau under Federal Rule of Evidence 701 concerning the cause of the damages that he

observed to Mr. Liprie's home.   In other words, plaintiffs is going to rely on Mr. DuRousseau to

provide factual testimony as to his observations of and repairs to the home and what inferences can

be drawn from his observations.   Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of
> opinions or inferences is limited to those opinions or inferences which are (a)
> rationally based on the perception of the witness, and (b) helpful to a clear
> understanding of the witness' testimony or the determination of a fact in issue, and
> (c) not based on scientific, technical, or other specialized knowledge within the scope
> of Rule 702.

Plaintiff argues that Mr. DuRousseau's testimony meets these criteria because he inspected

the home before and during repairs.   Mr. DuRousseau's testimony will be based on his common-

sense observations and his over twenty years experience as a builder.   Hence, plaintiff maintains that

Mr. DuRousseau should be allowed to provide opinions under Rule 701 about the cause of the

damages he saw.

State Farm complains that Mr. DuRousseau did not observe what caused damage to

plaintiff's home, and that Mr. DuRousseau admitted that he did not go into the attic of the home to

determine whether downward forces acted on the structure.   State Farm suggests that Mr.

DuRousseau guessed as to what caused the damage to the home. State Farm further maintains that

---

[2] Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

Mr. DuRousseau's opinion is not helpful because it is wrong since he did not go into the attic and observe that a large beam in the attic was exerting force directly above the doorframe that Mr. DuRousseau claimed was sticking.

Finally, State Farm complains that Mr. DuRousseau is not qualified to offer opinions with respect to structural engineering principles that include physics and the effects of various forces acting on structures because such opinions are scientific, technical or specialized areas of knowledge.

The court finds that even though Mr. DuRousseau cannot testify as an expert under Rule 702, he will be able to testify as to his observations when he inspected and repaired the home and further he can testify as to the inferences drawn regarding his personal observations. He will be allowed to give his opinion based on his personal observations. State Farm will be able to cross examine Mr. DuRousseau and provide its own expert testimony to contradict Mr. DuRousseau's testimony. Accordingly, it is

**ORDERED** that the motion in limine is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of October, 2011.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE